UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STACEY QUINONES,
    Plaintiff

v.

TOWN OF HOLLAND, HOLLAND
POLICE DEPARTMENT, CHIEF
KEVIN GLEASON, RAY MOREHOUSE
AND EARL JOHNSON,
    Defendants

CIVIL ACTION NO.: 05cv30135 K-PN

## COMPLAINT AND DEMAND FOR JURY TRIAL

This action is brought pursuant to 42 U.S.C. § 1983, with jurisdiction established by 42 U.S.C. §§ 1331 and 1343, asserting a cause of action for deprivation of constitutional and other guaranteed rights, and Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide the state law claims arising under the same set of facts and circumstances.

1. Plaintiff Stacey Quinones is a female citizen of Massachusetts and resides in Holland, Massachusetts.

2. Defendant Town of Holland ("the Town") is a duly incorporated municipality in the Commonwealth of Massachusetts.

3. Defendant Holland Police Department is a municipal employer and an agency of the Town of Holland.

4. Defendant Kevin Gleason at all times relevant was employed by the Town as its Chief of Police ("Chief Gleason").

5. Defendant Ray Morehouse ("Morehouse") is a police officer and at all times relevant was employed by the Town in its police department and Plaintiff's supervisor.

6. Defendant Earl Johnson ("Johnson") at all times relevant was the Chair of the Board of Selectmen and a Selectman acting with the authority of the Town.

## STATEMENT OF FACTS

7. At all times relevant Plaintiff was employed by the Town as a reserve police officer and Community Liaison in its police department.

8. Plaintiff was hired by the Holland Police Department on or about December 22, 2003, and was the only female reserve police officer employed by Holland.

9. Beginning on December 22, 2003, Plaintiff was subjected to sexual harassment in the form of unwelcome advances from Chief Gleason, beginning with an e-mail received from Chief Gleason stating "you owe me," implying that Plaintiff owed Chief Gleason for the position she obtained as reserve police officer with the Town.

10. On or about December 31, 2003, Chief Gleason requested the cell phone number of Plaintiff's brother (a police officer in Florida) because he wanted a job there. He stated to Plaintiff that he would also go down there and shoot her sister-in-law Jackie for her but that he "would have to fuck her first, because she is fine."

11. In January 2004, Chief Gleason stated to Plaintiff that he wanted "a fine black girl to fuck," asking her if she knew any. Plaintiff responded with embarrassment and advised Chief Gleason that she would not tolerate those kinds of discussions.

12. On February 23, 2004, Chief Gleason informed Plaintiff that he was planning to have a vasectomy. Plaintiff asked Chief Gleason to stop, that she did not want to hear about his personal affairs and found his conduct offensive.

13. This was a Complaint of sexual harassment within meaning of G.L. 151B.

14. On or about March 1, 2004, at a training week Plaintiff was allowed to attend, she was mistreated by Defendant Morehouse in front of other attending officers. Plaintiff was humiliated, and when she confronted Morehouse, he stated that he treated her like that because she was sitting with a former female Holland Police Officer and he did not like it.

15. Upon information and belief, the former female police officer had been discriminated against by the police department and had refused to testify in support of the defendant's illegal and discriminatory activity.

16. Further, Defendant Morehouse inferred that he was upset that Plaintiff did not ride to the training facility with the "men" and instead arrived with another female officer.

17. Plaintiff was not paid for this training and has reason to believe that the male officers were.

18. Throughout the course of Plaintiff's employment, she was denied employment privileges that the male officers were allowed, such as education reimbursement. Chief Gleason granted these privileges to male officers.

19. Selectman Johnson knew Chief Gleason was paying the male officers for training and assisting Chief Gleason with hiding such fact.

20. Plaintiff could occasionally obtain the desired training, but only by begging for it, something no male officer had to do.

21. On several occasions Plaintiff spoke with members of the town's Board of Selectmen about her employment situation and their discriminatory and retaliatory activities against her and other female officers; they were unresponsive to Plaintiff's complaints.

22. On March 24, 2004, Plaintiff found a screw in her mailbox at the police station. Plaintiff brought the matter to Chief Gleason's attention and informed him that she was getting the message that the police department wanted to screw her. Chief Gleason simply responded with "don't worry about it, its no big deal."

23. In early April 2004, various people around town discussed that Plaintiff was to be nominated for the selectman position.

24. Defendant Earl Johnson was also a candidate.

25. On or about April 12, 2004, Plaintiff was approached by Defendant Johnson at an open Selectmen's meeting to confirm that Plaintiff was running against him, and told her that she would have to "resign" from the police department. He appeared very angry with her.

26. Shortly thereafter on the same day, and still appearing irate, Defendant Johnson again approached Plaintiff at a pizza parlor, stating, "Chief Gleason is not going to let you work at the police department because you are running." He further stated, "You better think long and hard about running against me."

27. These humiliating statements were witnessed by several patrons of the restaurant as well as Plaintiff's husband.

28. On or about April 13, 2004, Plaintiff was nominated as a candidate for a selectmen position with the Town.

29. On April 15, 2004, Chief Gleason informed the *Worcester Telegram and Gazette* that Plaintiff was "rethinking her candidacy." He also stated, "She cannot work at the police department while running for election." (Chief Gleason did not inform Plaintiff of this fact or of any "policy" before making this statement to the press.)

30. On or about April 20, 2004, the Town and its Police Department, acting through its policy makers Gleason and Johnson, advised Plaintiff formally that she could not run for political office while being employed by the police department because it was a "policy".

31. Prior to announcing her candidacy, Plaintiff had been supplied with policies of the Police Department and such was not included in those policies.

32. Plaintiff received the alleged "policy" sometime in mid-April 2004, which states:

    RULE 4.13 – POLITICAL ACTIVITIES

    Officers shall not participate in political activities while in uniform or on duty. All actions which could even give the impression that officers are using their official positions to influence the electoral process are to be avoided. An officer shall not be required to solicit or be obliged to make contributions in money, services, or otherwise, for any political purpose.

    Officers who become candidates for salaried elective office shall take a leave of absence without pay. Such leave shall encompass both the campaign and the tenure of office if elected. Nothing in this rule shall be construed to mean that Department personnel are restricted in any way, while off-duty, from exercising their constitutional rights as citizens in the political or electoral process (including such actions as voting, supporting candidates, and belonging to a political party.

33. A similar and relied upon policy was:

    RULE 6.14 – DEALING WITH LOCAL OFFICIALS

    Officers shall not confer with or forward communications to local officials on police matters without first notifying the Police Chief, except as otherwise provided by statute.

34. Plaintiff maintains that this policy was created or implemented by Defendants Johnson and Gleason or other agents of the Town acting with authority and/or policy makers for the Town under color of law.

35. Plaintiff further maintains that the policy was created with the specific intent to deprive Plaintiff of her rights to political expression and speech and her right to seek the political office of selectman.

36. Plaintiff further maintains that its creation or its implementation or enforcement was retaliatory, unconstitutional and illegal.

37. Plaintiff further maintains that even if the motive of the Defendants is proved to be other than retaliatory, the policy is unconstitutional and is and was a violation of Plaintiff and other's civil and constitutional rights.

38. Defendants engaged in other discriminatory activity against Plaintiff, including limiting her hours, failing to provide her necessary equipment and otherwise treating her different than the men.

39. On or about April 11, 2004, Plaintiff reported the illegal and improper anticipated appointment of a male officer to the Board of Selectmen.

40. On May 5, 2004, Chief Gleason made statements subsequently quoted in the local press that he intended to "swiftly and harshly" punish anyone within the department who he found to be the source of internal complaints about an improper police appointment.

41. Plaintiff had a right to complain about improper appointments and the information that formed the complaint was public.

42. Plaintiff believes she was targeted as the complainant source to retaliate against her for her political and protected speech.

43. On May 10, 2004, Plaintiff received a reprimand in the form of a letter of restriction limiting her work hours, which prohibited her from attending meetings or lunches in uniform and displaying her badge at any time unless on duty or in an emergency. Plaintiff believed this action was in retaliation for exercising her rights to petition and her rights to complain of gender discrimination, sexual harassment and unconstitutional retaliation in violation of G.L. 151B, the First Amendment, the due process clause of the constitution and otherwise in violation of her constitutional rights.

44. Plaintiff is the only female police officer on the force, which is predominantly Irish and male.

45. The Town, its police department and its officials have engaged in a pattern and practice of discrimination against women and against its political opponents at all times relevant.

46. Based on information and belief, there were three female officers who had worked for the Holland Police Department as police officers, and each has left under circumstances that discrimination and/or retaliation can be inferred.

47. Plaintiff filed suit in the Massachusetts Commission Against Discrimination on June 21, 2004.

48. On June 24, 2004, Plaintiff was terminated from her employment. No reason was given for her termination.

49. Plaintiff requested and has received a "right to sue" letter from the MCAD and has a right to bring these claims.

50. Defendants, and each of them, have continued to retaliate against Plaintiff, her family and her witnesses after the filing of the MCAD complaint.

51. Witnesses who refused to "support" Defendants Chief Gleason and Morehouse's positions were retaliated against, disparaged and incurred damages.

52. Witnesses and supporters of Plaintiff are followed by police cruisers on a routine basis.

53. Police cruisers shine their lights into Plaintiff's home and otherwise harass and intimidate Plaintiff and her family.

54. The Town and policymaker Defendant Johnson, in violation of the law, continued to make subtle threats to their political opponents via the media, such as by making public statements on the Town's cable television channel, as when Defendant Johnson said, "I know how we can take care of some of these problems we have here in town, we can hire a hitman from the mob."

55. Defendants, and each of them, continue to engage in a pattern and practice of violating the civil rights of those people who oppose them politically or otherwise speak out against them.

56. Defendants have violated Plaintiff's rights that were clearly established at the time of such violations; such rights include but are not limited to: her right to be free of retaliation because of her political affiliation or association, to be free of retaliation because of her to exercise free speech, to be free of retaliation because of complaints made of discrimination within meaning of G.L. 151B, and to be free from municipal policies designed to chill political affiliation or speech.

57. Plaintiff, at all times relevant, was not a policy maker within meaning of federal or state law, and as such had a right to speak out against Defendants Gleason, Johnson, Holland Police Department and the Town.

58. Defendants, and each of them, have acted with deliberate indifference to the rights of Plaintiff and have acted without privilege or justification.

59. Plaintiff was restrained from running for political office upon threats, intimidation and coercion and did not run for office.

60. Plaintiff was terminated as a police officer and suffered emotional distress damages and other physical injuries.

61. Plaintiff's rights to speech and affiliation were chilled and significantly interfered with.

62. Plaintiff was otherwise damaged and has incurred attorney fees and costs.

### COUNTS I and II, III and IV
*v. Town of Holland, Holland Police Department, Chief Kevin Gleason and Earl Johnson*

### VIOLATION OF 42 U.S.C. § 1983

63. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 – 62 above as if fully set forth herein.

64. Defendants Gleason and Johnson were policy makers of the Town and the Holland Police Department at all times relevant.

65. The conduct of the Defendant Town and the Holland Police Department, through its policy makers, including its Police Chief and its Chair of the Board of Selectmen, created, permitted and enforced customs and policies as stated above that were designed to or had the effect of depriving Plaintiff and others of their rights to political affiliation, free speech, petitioning activity and other rights secured by the First and Fourteenth Amendments of the Federal and State Constitutions.

66. Defendants, and each of them, acted to inflict political retribution against Plaintiff and otherwise acted to retaliate against Plaintiff for her exercise of her constitutional rights.

67. The rights that Defendants, and each of them, violated were clearly established within meaning of federal and constitutional law.

68. The Town and Holland Police Department, through its agents and/or selectmen, acting under color of state or federal law, violated Plaintiff's constitutional rights.

69. As such Defendants, Gleason, Johnson, the Town and Holland Police Department violated 42 U.S.C § 1983.

70. Defendants, and each of them, had an agreement or understanding between them to plot, plan and/or conspire to carry out the above-referenced chain of events in order to deprive Plaintiff of her federally-protected rights.

71. Defendants' conduct constituted a conspiracy in violation of 42 U.S.C. § 1983.

72. Plaintiff has been damaged in that she has been deprived of her constitutional rights, suffered emotional distress, lost her job, and suffered other economic and personal injuries.

73. Plaintiff was damaged and seeks compensatory damages, punitive damages, injunctive relief, attorney fees and costs, and any other relief this Court deems just and proper.

74. Defendants Gleason, Johnson, the Town and the Holland Police Department, through its employees, agents and selectmen, engaged in the unconstitutional practices alleged in these Counts with malice or with reckless indifference to Plaintiff's federally protected rights, and these Defendants are therefore each subject to imposition of punitive damages pursuant to 42 U.S.C. §1981a(b).

## COUNTS V, VI, VII and VIII
### *v. Chief Kevin Gleason, Ray Morehouse, Holland Police Department and Town of Holland*

### SEXUAL HARASSMENT, RETALIATION AND GENDER DISCRIMINATION IN VIOLATION OF G.L. c. 151B

75. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 - 74 above as if fully set forth herein.

76. These claims are ancillary to the federal claims raised by Plaintiff as set forth above, and this Court has pendent jurisdiction over such claims.

77. Defendants Town and the Holland Police Department, acting through its supervisory agents, discriminated against Plaintiff by subjecting her to unequal terms and conditions of employment.

78. Defendants Town and the Holland Police Department, acting through its supervisory agents, sexually harassed Plaintiff and discriminated against her based on gender.

79. Defendants Town and the Holland Police Department, acting through its supervisory agents, violated G.L. c. 151B by retaliating against Plaintiff for her complaints under Chapter 151B.

80. Defendants Morehouse and Chief Gleason engaged in conduct described above that were in retaliation for Plaintiff's complaints of sexual harassment and gender discrimination.

81. Defendants Town, the Holland Police Department and Chief Gleason wrongfully terminated Plaintiff.

82. Defendants Town, the Holland Police Department, Chief Gleason and Morehouse's conduct violated G.L. c. 151B.

83. Plaintiff has been damaged in that she has suffered emotional distress and has suffered economic and other injuries.

84. These Defendants are jointly and severally liable under G.L. c. 151B for their retaliation against Plaintiff, whereby Plaintiff is entitled to compensatory and punitive damages, reasonable attorney fees and the costs of bringing this action.

### COUNT IX and X
*v. Chief Kevin Gleason and Earl Johnson*

### VIOLATION OF G.L. c. 12, §11I

85. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 – 84 above as if fully set forth herein.

86. Defendants Chief Gleason and Johnson have made comments that implied threat of bodily injury to Plaintiff if she continued to speak out against them.

87. By engaging in the conduct above, including threats, intimidations and coercion, Defendants Gleason, Morehouse and Johnson interfered with and deprived Plaintiff of her exercise and enjoyment of her civil rights secured under the United States Constitution, including the right of free speech under the First Amendment, the right to be free of retaliation for political activity, affiliation and speech, and the right to due process within meaning of the United States and State's Constitutions in violation of G.L. c. 12, §11I.

88. Plaintiff has been damaged in that her constitutional rights have been deprived and she has suffered emotional distress and has suffered economic and other injuries.

89. As a direct and proximate result of the violation of G.L. c. 12, §11I, Plaintiff suffered the damages describe herein.

90. Defendants acted without privilege, justification or otherwise acted to violate clearly established constitutional and other civil rights of Plaintiff.

## COUNT XI and XII
### *v. Chief Kevin Gleason and Earl Johnson*

### **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

91. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 - 90 above as if fully set forth herein.

92. Defendants knew or should have known that their conduct as described above would likely result in Plaintiff suffering emotional distress and other damages.

93. Defendants' actions were intentional, reckless, extreme, outrageous, beyond all bounds of human decency, and utterly intolerable in a civilized community.

94. Defendants' actions caused Plaintiff to suffer severe emotional distress of such a nature that no reasonable person could or should be expected to endure it.

95. Plaintiff has been damaged in that she has suffered emotional distress and has suffered economic and other injuries.

96. Defendants' conduct was not privileged or justifiable.

   **Wherefore,** Plaintiff Stacey Quiniones respectfully prays for:

   A. Judgment against Defendants Town of Holland, Holland Police Department, Chief Kevin Gleason, Ray Morehouse and Earl Johnson on all counts;

   B. Back pay, front pay and interest thereon;

   C. Compensatory damages;

   D. Punitive damages;

   E. Reasonable attorney's fees;

   F. The costs of bringing this action;

   G. Prejudgment interest; and

H. Such further relief as this Court deems just and proper, including an order enjoining Defendants from enforcing practices and policies designed to chill speech or discourage political speech or activity.

THE PLAINTIFF
STACEY QUINONES

Date: June 7, 2005           By: _____
Lisa Brodeur-McGan, her attorney
Brodeur-McGan, Attorneys at Law
1380 Main Street, Suite 201
Springfield, MA 01103
BBO# 556755
(413) 735-1775; Fax: (413) 735-1772

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stacey A. Quinones

**DEFENDANTS**
Town of Holland, Holland Police Department, Holland Police Department-Chief Kevin Gleason, Ray Morehouse and Earl Johnson

(b) County of Residence of First Listed Plaintiff  Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Hampden
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lisa Brodeur-McGan, Brodeur-McGan, Attorneys at Law
1380 Main St., Ste. 201, Springfield, MA 01103; 413/735-1775

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1983

Brief description of cause:
Defendants acted and conspired to deprive Plaintiff of her federal and state civil rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 06/07/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Stacey A. Quinones v. Town of Holland et al__

FILED

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    ☐  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                          YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                          YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                          YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                          YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                          YES ☑   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐        Central Division ☐        Western Division ☑

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                          YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Lisa Brodeur-McGan__
ADDRESS __1380 Main Street, Suite 201, Springfield, MA  01103__
TELEPHONE NO. __413-735-1775__

(CategoryForm.wpd - 5/2/05)