UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-30135-KPN

| | |
|---|---|
| STACEY QUINONES,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| TOWN OF HOLLAND, HOLLAND POLICE<br>DEPARTMENT, CHIEF KEVIN GLEASON,<br>RAY MOREHOUSE AND EARL JOHNSON,<br>    Defendants | )<br>)<br>)<br>) |

## DEFENDANTS' ANSWER AND DEMAND FOR TRIAL BY JURY

1. The defendants neither admit nor deny the allegations contained in paragraph 1 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

2. The defendants admit the allegations contained in paragraph 2 of the plaintiff's complaint.

3. The defendants admit the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The defendants admit the allegations contained in paragraph 5 of the plaintiff's complaint.

6. The defendants admit the allegations contained in paragraph 6 of the plaintiff's complaint.

404201

7. The defendants admit that plaintiff was appointed as a reserve officer on January 7, 2004 and held that position throughout her employment, but deny the remaining allegations contained in paragraph 7.

8. The defendants admit that, at the time that she was appointed, the plaintiff was the only female reserve police officer employed by Holland, but deny the remaining allegations contained in paragraph 8.

9. The defendants deny the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendants admit the allegations contained in the first sentence of paragraph 10, but deny the remaining allegations contained in that paragraph.

11. The defendants deny the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendants deny the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendants deny that they discriminated against any former officer, but neither admit nor deny the remaining allegations contained in paragraph 15 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiff's complaint.

17. The defendants admit that the plaintiff was not paid for training because reserve officers, male and female, are not paid for training.

18. The defendants admit that the plaintiff did not receive education reimbursement, because reserve officers. Male and female, are not paid for training, but deny the remaining allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendants deny the allegations contained in paragraph 19 of the plaintiff's complaint.

20. The defendants admit that the plaintiff attended several training sessions during her employment, but deny the remaining allegations contained in paragraph 20 of the plaintiff's complaint.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendants admit the allegations contained in the first two sentences of paragraph 22 of the plaintiff's complaint.  The defendants admit that Chief Gleason told the plaintiff that he did not believe that the screw had been intentionally placed in her mailbox.

23. The defendants neither admit nor deny the allegations contained in paragraph 23 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

24. The defendants admit the allegations contained in paragraph 24 of the plaintiff's complaint.

25. The defendants deny the allegations contained in paragraph 25 of the plaintiff's complaint.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiff's complaint.

27. The defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

28. The defendants neither admit nor deny the allegations contained in paragraph 28 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

29. The defendants deny the allegation contained in the first sentence of paragraph 29 of the plaintiff's complaint. The defendants admit that Chief Gleason stated that, while the plaintiff would remain an officer on the force, she could not work while running for election to a paid town position." The defendants admit the allegations in the third sentence of paragraph 29 of the plaintiff's complaint

30. The defendants deny the allegations against Johnson contained in paragraph 30, but admit the remaining allegations of the plaintiff's complaint.

31. The defendants admit the allegations contained in paragraph 31 of the plaintiff's complaint, but state that the referenced policy was contained in the Rules and Regulations of the Police Department, that copies of the Rules and Regulations were available to all police officers, and all police officers were advised of the same.

32. The defendants admit that Rule 4.13 as quoted in paragraph 32 of the plaintiff's complaint is, and has been, a policy of the Holland Police Department since approximately 1995.

33. The defendants aren't able to respond to the allegation that Rule 6.14 was "a similar and relied upon policy," but admit that Rule 6.14 is a policy of the Holland Police Department.

34. The defendants deny that the allegations against Johnson and Gleason contained in paragraph 34, but admit the remaining allegations contained in that paragraph.

35. The defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint.

36. The defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint.

37. The defendants deny the allegations contained in paragraph 37 of the plaintiff's complaint.

38. The defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint.

39. The defendants neither admit nor deny the remaining allegations contained in paragraph 39 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

40. The defendants admit the allegations contained in paragraph 40 of the plaintiff's complaint.

41. The defendants neither admit nor deny the allegations contained in paragraph 41 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

42. The defendants deny the allegations contained in paragraph 42 of the plaintiff's complaint.

43. The defendants deny that the referenced reprimand restricted or limited the plaintiff's work hours, but admit the remaining allegations contained in the first sentence of paragraph 43

404201

of the plaintiff's complaint. The defendants neither admit nor deny the allegations contained in the second sentence of paragraph 43 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

44. The defendants admit that the plaintiff was the only female police officer at the time she was employed, but deny the remaining allegations contained in paragraph 44 of the plaintiff's complaint.

45. The defendants deny the allegations contained in paragraph 45 of the plaintiff's complaint.

46. The defendants deny the allegations contained in paragraph 46 of the plaintiff's complaint.

47. The defendants admit the allegations contained in paragraph 47 of the plaintiff's complaint.

48. The defendants admit the allegations contained in paragraph 48 of the plaintiff's complaint.

49. The defendants admit that the plaintiff requested and received a "right to sue" letter from the MCAD after the MCAD issued a finding of Lack of Probable Cause.

50. The defendants deny the allegations contained in paragraph 50 of the plaintiff's complaint.

51. The defendants deny the allegations contained in paragraph 51 of the plaintiff's complaint.

52. The defendants do not know who the plaintiff is referring to as "witnesses and supporters," but deny that Police Department routinely follows anyone because they are a witness or supporter of the plaintiff.

53. The defendants deny the allegations contained in paragraph 53 of the plaintiff's complaint.

54. The defendants deny the allegations contained in paragraph 54 of the plaintiff's complaint.

55. The defendants deny the allegations contained in paragraph 55 of the plaintiff's complaint.

56. The defendants deny the allegations contained in paragraph 56 of the plaintiff's complaint.

57. The defendants admit the allegations contained in paragraph 57 of the plaintiff's complaint.

58. The defendants deny the allegations contained in paragraph 58 of the plaintiff's complaint.

59. The defendants deny the allegations contained in paragraph 59 of the plaintiff's complaint.

60. The defendants admit that the plaintiff was terminated as a police officer, but deny the remaining allegations contained in paragraph 60 of the plaintiff's complaint.

61. The defendants deny the allegations contained in paragraph 61 of the plaintiff's complaint.

62. The defendants deny the allegations contained in paragraph 62 of the plaintiff's complaint.

### AS TO COUNTS I and II, III and IV
### v. Town of Holland, Holland Police Department, Chief Kevin Gleason
### and Earl Johnson
### Violations of 42 U.S.C., § 1983

63. The defendants repeat and reallege its answers to the allegations contained in paragraphs 1 through 62 of the plaintiff's complaint and incorporate them herein by reference.

64. The defendants neither admit nor deny the remaining allegations contained in paragraph 64 of the plaintiff's complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiff to her burden of proof.

65. The defendants deny the allegations contained in paragraph 65 of the plaintiff's complaint.

66. The defendants deny the allegations contained in paragraph 66 of the plaintiff's complaint.

67. The defendants deny the allegations contained in paragraph 67 of the plaintiff's complaint.

68. The defendants deny the allegations contained in paragraph 68 of the plaintiff's complaint.

69. The defendants deny the allegations contained in paragraph 69 of the plaintiff's complaint.

70. The defendants deny the allegations contained in paragraph 70 of the plaintiff's complaint.

71. The defendants deny the allegations contained in paragraph 71 of the plaintiff's complaint.

72. The defendants deny the allegations contained in paragraph 72 of the plaintiff's complaint.

73. The defendants deny the allegations contained in paragraph 73 of the plaintiff's complaint.

74. The defendants deny the allegations contained in paragraph 74 of the plaintiff's complaint.

**AS TO COUNTS V, VI, VII and VIII**
**v. Chief Kevin Gleason, Ray Morehouse,**
**Holland Police Department and Town of Holland**
**Sexual Harassment, Retaliation and Gender**
**Discrimination in Violation of G.L. c. 151B**

75. The defendants repeat and reallege its answers to the allegations contained in paragraphs 1 through 74 of the plaintiff's complaint and incorporate them herein by reference.

76. The allegations contained in paragraph 76 are in the form of a legal conclusion and do not require an answer.

77. The defendants deny the allegations contained in paragraph 77 of the plaintiff's complaint.

78. The defendants deny the allegations contained in paragraph 78 of the plaintiff's complaint.

79. The defendants deny the allegations contained in paragraph 79 of the plaintiff's complaint.

80. The defendants deny the allegations contained in paragraph 80 of the plaintiff's complaint.

81. The defendants deny the allegations contained in paragraph 81 of the plaintiff's complaint.

404201

82. The defendants deny the allegations contained in paragraph 82 of the plaintiff's complaint.

83. The defendants deny the allegations contained in paragraph 83 of the plaintiff's complaint.

84. The defendants deny the allegations contained in paragraph 84 of the plaintiff's complaint.

## COUNT IX and X
### v. Chief Kevin Gleason and Earl Johnson
### Violation of G.L. c. 12, § 111

85. The defendants repeat and reallege its answers to the allegations contained in paragraphs 1 through 84 of the plaintiff's complaint and incorporate them herein by reference.

86. The defendants deny the allegations contained in paragraph 86 of the plaintiff's complaint.

87. The defendants deny the allegations contained in paragraph 87 of the plaintiff's complaint.

88. The defendants deny the allegations contained in paragraph 88 of the plaintiff's complaint.

89. The defendants deny the allegations contained in paragraph 89 of the plaintiff's complaint.

90. The defendants deny the allegations contained in paragraph 90 of the plaintiff's complaint.

404201

**COUNT XI and XII**
**v. Chief Kevin Gleason and Earl Johnson**
**Intentional Infliction of Emotional Distress**

91. The defendants repeat and reallege its answers to the allegations contained in paragraphs 1 through 90 of the plaintiff's complaint and incorporate them herein by reference.

92. The defendants deny the allegations contained in paragraph 92 of the plaintiff's complaint.

93. The defendants deny the allegations contained in paragraph 93 of the plaintiff's complaint.

94. The defendants deny the allegations contained in paragraph 94 of the plaintiff's complaint.

95. The defendants deny the allegations contained in paragraph 95 of the plaintiff's complaint.

96. The defendants deny the allegations contained in paragraph 96 of the plaintiff's complaint.

**SECOND DEFENSE**

The defendants state that any actions taken by the defendants in connection with the allegations in this complaint were justified and required by considerations of public policy, safety and law enforcement.

**THIRD DEFENSE**

The defendants say that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

404201

## FOURTH DEFENSE

The defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

## FIFTH DEFENSE

The defendants state that the plaintiff has failed to allege any acts of a material nature which rise to the level of constitutional deprivations.

## SIXTH DEFENSE

The defendants state that a civil rights action against the defendants must fail since they cannot be held liable under the *respondeat superior* doctrine and the plaintiff has failed to show that the defendants caused the alleged constitutional violation.

## SEVENTH DEFENSE

The defendants cannot be held liable for violating the civil rights of the plaintiff as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

## EIGHTH DEFENSE

The defendants' actions and conduct were reasonable under the circumstances.

## NINTH DEFENSE

The defendants state that the defendants' conduct was not extreme or outrageous.

## TENTH DEFENSE

The defendants state that the plaintiff's claim must fail since the defendants were, at all relevant times, discharging discretionary functions and, thus, are entitled to immunity.

## ELEVENTH DEFENSE

The defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## TWELFTH DEFENSE

The defendants say that the claims alleged pursuant to M.G.L. c. 12, § 11H and I must be dismissed as there are no allegations of deprivation of constitutional and/or statutory rights by force, threat, intimidation, or coercion.

THE DEFENDANTS HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

        THE DEFENDANTS
        TOWN OF HOLLAND, et al

        By  */s/ Patricia M. Rapinchuk*
        Patricia M. Rapinchuk, Esq., of
        Robinson Donovan, P.C.
        1500 Main Street, Suite 1600
        Springfield, Massachusetts 01115
        Phone (413) 732-2301  Fax (413) 785-4658
        BBO No.:  556149

404201