UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STACEY QUINONES,<br>    Plaintiff<br><br>v.<br><br>TOWN OF HOLLAND, HOLLAND<br>POLICE DEPARTMENT, CHIEF<br>KEVIN GLEASON, RAY MOREHOUSE<br>AND EARL JOHNSON,<br>    Defendants | CIVIL ACTION NO.: 05 CV 30135 KPN |

**MOTION TO COMPEL TOWN OF HOLLAND'S RESPONSES TO PLAINTIFF'S FIRST AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

**Now comes** the Plaintiff, Stacey Quinones, who respectfully requests this Court compel Defendant Town of Holland's ("the Town") response to Plaintiff's First Request for Production of Documents, specifically, Request Nos. 8, 9, 10, 11, 16, and 17; and Second Request for Production of Documents, specifically, Request Nos. 2, 4, 5, 6, and 7.

**FIRST REQUEST**

**PLAINTIFF'S REQUEST NO. 9**

All documents comprising Chief Kevin Gleason's personnel records, including, but not limited to, performance reviews, evaluations, complaints and disciplinary records.

**DEFENDANTS' ANSWER**

**Objection:** The Defendants object to this request on the grounds that it seeks documents that are confidential and whose disclosure could result in an unlawful invasion of privacy. Without

waiving the foregoing objection the defendants are searching their records and will produce the requested documents if and when located.

**DEFENDANTS' SUPPLEMENTAL ANSWER**

**Objection:** The Defendants object to this request on the grounds that it seeks documents that are confidential and whose disclosure could result in an unlawful invasion of privacy and seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT**

Plaintiff already has entered into a consent agreement regarding matters of confidentiality that should alleviate the Defendant's apprehensions concerning the disclosure of "confidential" information.

The documents sought in Request No. 9 are absolutely relevant and material to the Plaintiff's case as performance reviews, time cards, schedules, and performance reviews of Police Chief Gleason, who is both the accused harasser and a named party in the present suit, are highly relevant as all of the materials in his personnel file could be used to support or deny Plaintiff's claims.

**PLAINTIFF'S REQUEST NO. 10**

All documents comprising Mr. Ray Morehouse's personnel records, including, but not limited to, performance reviews, evaluations, complaints and disciplinary records.

**DEFENDANTS' ANSWER**

**Objection:** The Defendants object to this request on the grounds that it seeks documents that are confidential and whose disclosure could result in an unlawful invasion of privacy. Without

waiving the foregoing objection the defendants are searching their records and will produce the requested documents if and when located.

**DEFENDANTS' SUPPLEMENTAL ANSWER**

**Objection:** The defendants object to this request on the grounds that it seeks documents that are confidential and whose disclosure could result in an unlawful invasion of privacy and seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT**

Plaintiff already has entered into a consent agreement regarding matters of confidentiality that should alleviate the Defendant's apprehensions concerning the disclosure of "confidential" information.

The documents sought in Request No. 10 are absolutely relevant and material to the Plaintiff's case as performance reviews, time cards, schedules, and performance reviews of Corporal Raymond Morehouse, who is both the accused harasser and a named party in the present suit, are highly relevant as all of the materials in his personnel file could be used to support or deny Plaintiff's claims.

**PLAINTIFF'S REQUEST NO. 16**

All documents relating to discipline of reserve, part-time and full-time police officers of the Town of Holland Police Department from September 1, 2003 until June 30, 2004.

**DEFENDANTS' ANSWER**

The Defendants have no such documents in their possession, custody or control.

**ARGUMENT**

Plaintiff is aware of the termination of officers during this time period, including her own termination. As termination constitutes a disciplinary action against an employee, it is clear that Defendant must have some record of this dismissal. If Defendant still claims to not be in possession, custody or control of said documents, please compel Defendants to reveal who would maintain such documents.

### PLAINTIFF'S REQUEST NO. 17

All executive session minutes of the Town of Holland Board of Selectman meetings from September 1, 2003 until June 30, 2004.

### DEFENDANTS' ANSWER

**Objection:** The defendants object to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, the Defendants are searching their records and will produce the requested documents if and when located.

### DEFENDANTS' SUPPLEMENTAL ANSWER

**Objection:** The defendants object to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are confidential and whose disclosure could result in an unlawful invasion of privacy.

### ARGUMENT

Plaintiff already has entered into a consent agreement regarding matters of confidentiality that should alleviate the Defendant's apprehensions concerning the disclosure of "confidential" information. Further, Executive Session minutes are a matter of Public Record, and are memorialized after a certain period of time, according to Selectman Earl Johnson.

The documents sought in Request No. 17 are absolutely relevant and material to the Plaintiff's case, as issues relating directly or indirectly to Plaintiff may have been discussed in Executive Sessions of the Board of Selectmen. As Earl Johnson, who is a named party in the present suit, served on the Board of Selectmen during the requested time period, these minutes are highly relevant.

## SECOND REQUEST

## PLAINTIFF'S REQUEST NO. 2

Please provide the complete personnel file of Justin Davey, including any and all payroll records for 2003 to present.

## DEFENDANTS' ANSWER

**Objection:** Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; and it seeks documents that are confidential and whose disclosure could result in a violation of the employee's right to privacy.

## ARGUMENT

Justin Davy was hired on March 2, 2006 as a full time officer.  We are alleging a measure of damages that his qualifications were less than Plaintiff's and her tenure was greater than his; As such, she would have been eligible for this full time appointment on March 2, 2006.  Therefore, his personnel file and payroll records are relevant and we ask that they be produced.

## PLAINTIFF'S REQUEST NO. 4

Please provide any and all communication that Chief Kevin Gleason or any other agent of the Town of Holland or Holland Police Department had with employers of Serenity Splaine.

## DEFENDANTS' ANSWER

**Objection:** Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, the defendant has no documents in its possession, custody or control that responsive to this request.

**ARGUMENT**

It is Plaintiff's understanding that Chief Gleason forwarded the personnel file of Serenity Splaine to the State Police upon request, allegedly with a "proper release", and therefore Plaintiff alleges the Release allegedly signed by Serenity Splaine, as well as her personnel file that was disseminated to the State Police, as evidence that Chief Gleason retaliates against those who speak out against him.

**PLAINTIFF'S REQUEST NO. 5**

Please provide any and all personnel files and documentation memorializing the employment and discipline of Sergeant Cheryl Farraher, including in your response documentation memorializing the basis for her separation from employment with the Holland Police Department.

**DEFENDANTS' ANSWER**

**Objection:** Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action, nor reasonably calculated to lead to the discovery of admissible evidence; and it seeks documents that are confidential and whose disclosure could result in a violation of the employee's right to privacy.

**ARGUMENT**

Plaintiff maintains that Cheryl Farraher's separation of employment from the Holland Police Department is relevant to this issue, as three out of four women previously hired by the Town have been terminated or have left employ under less than favorable circumstances.  Further, the

6

employee's rights to privacy will be protected by the parties' agreement to sign a confidentiality agreement or most specifically, a protective order to which the parties have already agreed.

## PLAINTIFF'S REQUEST NO. 6

Please provide any and all personnel records of Serenity Splaine that memorialize her employment periods of time, her separation from employment, and the basis for same.

## DEFENDANT'S ANSWER

**Objection:** Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; and it seeks documents that are confidential and whose disclosure could result in a violation of the employee's right to privacy. Without waiving said objection, please see letter of resignation, attached hereto as Exhibit 6.

## ARGUMENT

The personnel file of Serenity Splaine is relevant to the issues complained of above, namely that Town of Holland had a poor practice pattern with regard to female employees.  Furthermore, there exist allegations that Ms. Splaine attempted to support the allegations of Plaintiff and was retaliated against, thereby proving complaints as alleged by Ms. Quinones.

## PLAINTIFF'S REQUEST NO. 7

Please provide any and all complaints regarding harassment and/or intimidation by members of the Holland Police Department of citizens or any third persons from 2001 to present, whether substantiated or not.

## DEFENDANTS' ANSWER

**Objection:** Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of

admissible evidence. Without waiving said objection, please see documents attached hereto as Exhibit 7.

**ARGUMENT**

We believe that the Town has created a pattern or practice of harassing citizens and intimidating members of the public and the Police Department against criticizing the Holland Police Department, and such is a claim that makes out a claim for civil rights damages under § 1983 and holds the Town culpable.  Therefore, Defendant should be compelled to produce the complaints, as they are relevant. Plaintiff is aware of at least one other complaint, in addition to those of former female officers.

**PLAINTIFF'S REQUEST NO. 9**

Please provide any and all written documents and policies regarding how complaints of harassment and intimidation are processed by the Holland Police Department, and how such complaints are memorialized, investigated, and resolved, from 2001-06.

**DEFEDANTS' ANSWER**

**Objection:** The Defendants objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, please refer to documents previously produced as Exhibit 4 in response to Plaintiff's First Request for Production of Documents.

**ARGUMENT**

 For the same reasons earlier articulated with regard to Request No. 7 and No. 8, please produce any documents that memorialize the process that the Defendant uses to receive and process complaints of discrimination, abuse of power, harassment and/or retaliation against the Police

Department, its employees, and/or the Board of Selectmen, from 2001 to the present. Once again, the time is sufficiently narrow and is directly relevant evidence for the claims presented by Plaintiff. Furthermore, please note that Defendant Town's failure to timely respond to Plaintiff's production of documents request has waived any and all objections that it previously made, and therefore, they should be required to respond without objecting to relevancy or privacy.

**Wherefore,** Plaintiff requests this Court compel Defendant Town of Holland's responses to her First and Second Request for Production of Documents.

                                        THE PLAINTIFF
                                        STACEY QUINONES

Date: October 23, 2006        By: /s/ Lisa Brodeur-McGan
                                          Lisa Brodeur-McGan, her attorney
                                          Brodeur-McGan, Attorneys at Law
                                          1331 Main Street, 2nd Floor
                                          Springfield, MA  01103
                                          BBO# 556755
                                          (413) 735-1775; Fax: (413) 735-1772

## CERTIFICATION

I hereby certify that I have complied with Rule 37(a)(2)(B), in that I have attempted to confer with Counsel for Defendant Town of Holland before filing this Motion to Compel. Specifically, I sent two letters to defense counsel dated September 20 and September 27, 2006. I have spoken numerous times since then with defense counsel, both via email and on the phone, seeking the withheld discovery.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 23, 2006.

                                                        /s/ Lisa Brodeur-McGan
                                                        Lisa Brodeur-McGan