UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-30135-KPN

| | |
|---|---|
| STACEY QUINONES, <br>     Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| TOWN OF HOLLAND, HOLLAND POLICE DEPARTMENT, CHIEF KEVIN GLEASON, RAY MOREHOUSE AND EARL JOHNSON, <br>     Defendants | ) <br> ) <br> ) <br> ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

NOW COME the defendants and hereby oppose the plaintiff's motion to compel. As grounds therefor, the defendants state that the documents in dispute concern the personnel files of five current and former members of the Holland Police Department, three of whom are not named parties to this litigation. Also disputed is the request to produce documents relating to discipline of police officers from September 1, 2003 to June 30, 2004. These documents, if they exist, would be part of the personnel files of the affected individuals.

The plaintiff served defendants with a draft motion to compel, to which the defendants responded via letter dated October 19, 2006. That letter is attached as Exhibit A.

Personnel records, by their very nature, contain confidential and personal information. Even in the case of public employees, who have a diminished expectation of privacy, personnel files are not considered to be public records. The Public Records Act, M.G.L. c.4, §7 (26)(C), exempts from the definition of public record, "personnel and medical files and information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." The defendant believes that this

462554

exemption, and the right to privacy contained in M.G.L. c.214, §1B, create a reasonable expectation in employees that their personnel files will not be disclosed to anyone, for any purpose, without their consent. A confidentiality agreement or order would not adequately address this expectation.

For the above-captioned reasons, the defendants respectfully request this Court to deny the plaintiff's motion to compel.

THE DEFENDANTS
TOWN OF HOLLAND, et al.


By___/s/ Patricia M. Rapinchuk_____
Patricia M. Rapinchuk, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 556149
prapinchuk@robinson-donovan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 23, 2006.

___/s/ Patricia M. Rapinchuk_____
Patricia M. Rapinchuk

462554



**Patricia M. Rapinchuk, Esq.**

(413) 732-2301
prapinchuk@robinson-donovan.com

October 19, 2006

Lisa Brodeur-McGan, Esq.
Brodeur-McGan Attorneys at Law
1331 Main Street - 2nd Floor
Springfield, MA 01103

    RE:       Stacey Quinones v. Town of Holland, et al.
                U.S. District Court - Western Division
                Docket No.: 05-CV-30135-MAP

Dear Attorney Brodeur-McGan:

    I write in response to your draft motion to compel responses to the Plaintiff's First and Second Request For Production of Documents. As you know, I responded to your motion via email on September 27, 2006 while I was on vacation. This is a follow up to that email. I will address each of the requests by number.

## FIRST REQUEST

<u>Plaintiff's Request No. 8.</u>

    I have spoken with the Cable Committee, who has advised me that the Committee has an archive of videotapes of selectmen meetings dated 1995 through February of 2006. After February of 2006, the videotapes have been retained only until the official minutes of the meeting have been approved. The Committee has been advised to retain the archived videotapes during the pending litigation.

<u>Plaintiff's Request No. 9.</u>

    We continue to assert our objection on the grounds of confidentiality and relevance.

<u>Plaintiff's Request No. 10.</u>

    We continue to assert our objection on the grounds of confidentiality and relevance.

462285

October 19, 2006
Page 2

Plaintiff's Request No. 16.

This request in your motion to compel is actually request number 14 and, therefore, the "Defendant's Answer" that you reference in your motion is not accurate. The defendants did not answer that they had no such documents in their possession, custody or control concerning documents relating to the discipline of reserve, part-time and full-time police officers from September 1, 2003 to June 30, 2004. Rather, the defendants objected to this request on the grounds of confidentiality and relevance.

We continue to assert our objection on the grounds of confidentiality and relevance.

Plaintiff's Request No. 17.

We continue to assert our objection on the grounds of relevance. Without waiving said objection, I have reviewed the executive session meeting minutes for the time frame in question, and none of them relate to Ms. Quinones or any of the issues in this case.

## SECOND REQUEST

Plaintiff's Request No. 2.

We continue to assert our objection on the grounds of confidentiality and relevance.

Plaintiff's Request No. 4.

We continue to assert our original objection. The only documents sent to the State Police were those in Splaine's personnel file, with a release signed by her, allowing the transmittal of her personnel file to the State Police only. There are no documents that would constitute "communication" between Holland and Splaine's employers.

Plaintiff's Request No. 5.

We continue to assert our objection on the grounds of confidentiality and relevance.

Plaintiff's Request No. 6.

We continue to assert our objection on the grounds of confidentiality and relevance.

Plaintiff's Request No. 7.

Please see the attached supplemental response.

Plaintiff's Request No. 8.

There are no documents other than those previously produced.

462285

October 19, 2006
Page 3

<u>Plaintiff's Request No. 9</u>.

The only documents that exist are those previously produced as Exhibit 4 in response to the Plaintiff's First Request For Production of Documents.

Please feel free to contact me should you wish to discuss these matters further.

Very truly yours,

Patricia M. Rapinchuk

PMR/kj
Enclosures

462285